## PROSECUTION UNDER THE SALARY LOAN ACT.

Court of Appeals for Franklin County.

P. L. Andrews v. State of Ohio.*

Decided, October. 24, 1914.

*Excessive Assignments of Wages—Construction of Salary Loan Act With Reference to—Partial Assignments Valid—Evasion in Statement of Amount Due—Section 6346-1, et seq.*

1. Averments to the effect that the accused is engaged in a certain line of business in accordance with a state law and also charging him with a specific offense against said law, are reconcilable.
2. The taking of an assignment of wages for three years amounting to approximately $3,000, as security for a loan of $35, violates both the manifest purpose and the express provisions of the salary loan law.

*Earnhart & Bates,* for plaintiff in error.
*Henry Scarlett,* City Solicitor, contra.

Allread, J.; Ferneding, J., and Kunkle, J., concur.

The plaintiff in error was convicted in police court of a violation of the salary loan act. The judgment of the police court was affirmed by the common pleas court. The case is brought here on petition in error.

There is very little, if any, dispute as to the facts and the question is whether the evidence establishes an offense.

There is some criticism of the affidavit because it states as a preliminary fact that Andrews was engaged in the salary loan business in accordance with the state law and then proceeds to charge a specific offense against the state law. We think these allegations may be reconciled. The former allegation was intended to state the general character of the business, while the latter was intended to state a specific act constituting an offense.

The offense disclosed by the evidence is based upon the averment of the affidavit that the plaintiff in error improperly and unlawfully filled in a certain blank space in the assignment of

*Affirming *Andrews* v. *State,* 16 N.P.(N.S.), 59.

salary and wages in the transaction in controversy by writing the word "all" before the words "dollars for services rendered and to be rendered by me within three years from the date hereof" instead of the proper and true amount of the loan which is alleged to be $36.15.

The evidence shows that Andrews loaned one Dixon $35 at the time the assignment was given. Out of the amount of the loan was taken ten per cent. for expenses. The loan was made payable in thirty days with eight per cent. interest, and was permitted to run something like five months.

The printed blank for the assignment of the wages was filled up as averred in the affidavit by the writing in of the word "all" before the printed clause providing for the assignment of wages for three years. At the end of five months the assignment was sent to the employer and the month's wages then due, amounting to something like $98 was paid to Andrews, who deducted the amount due him and paid the balance to Dixon.

The criminal provision of the salary loan act is found in Section 6, and is based upon any violation of the provisions of the entire act. Andrews had taken out a license and was therefore held to the regulatory provisions of the act in the conduct of his business. Sections 3, 4 and 5 of the act are chiefly involved.

It is contended on behalf of the plaintiff in error that the provisions of the act should be liberally construed in his favor. While it is true as a general proposition that doubtful provisions of criminal statutes are liberally construed in favor of the person charged with a criminal offense, yet this doctrine should not be carried so far as to destroy the efficiency and permit evasions of the plain purposes of remedial acts. The business of making salary loans upon exorbitant charges and upon written assignments for larger sums than were required to compensate the loanor, called for legislation. That this business was within the police power and that the general purposes of the salary loan act are valid has been decided. We are, therefore, now dealing really with a construction of the terms of the act. Section 4 expressly prohibits the taking of a written assignment without the blank spaces being filled in "with the proper names and figures." "Proper names" as used in this section is defined in the latter

part of the section. The meaning of the terms "proper figures" must be determined from the general scope of the act which was particularly specified in Section 5, fixing the limit of charges and making void all assignments which contemplates any payment in excess of the amount stipulated.

The purpose of the legislation underlying the provisions of this act was to simplify the salary loan business and make it impossible for the loanors to oppress the dependent class by exorbitant charges and by excessive assignments of salary. Here Andrews made the small loan of $35 and took an assignment of wages for three years amounting approximately to $3,000. If this transaction is to be held legitimate, then the evident purpose of Section 5 of the salary loan act can be evaded and practically nullified. We think the taking of such exorbitant and excessive assignment of wages falls clearly within the manifest purpose, as well as the express provisions of the act.

Plaintiff in error contends that because of the accumulation of interest provided for in the note so authorized by the salary loan act, the exact figures could not be stated in the assignment and that, therefore, the accused should not be held for the failure to do an impossible thing. We think, however, the statement of the proper figures in the written assignment in a transaction like the one at bar is not impossible. The amount was fixed at the time the loan was made and was capable of determination at the time the note became due or at any other period when the collection might be sought. The calculation of interest was only necessary to fix the sum total. The amount covered by the assignment in the present case was not a fair effort to determine the proper figures, but evidently was a subterfuge and an evasion of the statute.

It is also contended that a partial assignment of wages due at any particular pay day would not be valid security and could be refused by the employer.

Whatever may have been the rule in this respect under the common law, the employer as well as the employee is bound by public policy as expressed in the salary loan act. Assignments of salary and wages made in strict conformity to the salary loan act would be valid in favor of the loanor and against both the em-

ployee and the employer.  There was, therefore, no necessity for
the loanor to take an assignment of wages in substantial excess
of the amount actually payable.

Finding no error in the record, the judgment of the court of
common pleas and the police court are affirmed.